FILED DATE: 4/21/2021 2:49 PM 2021L004157

FILED
4/21/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13042168

DEG/jjw 04.21.21

**STATE OF ILLINOIS ) ) SS COUNTY OF COOK )**

**ATTORNEY NO. 46715**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

**KEVIN LOCKETT,**
**Plaintiff,**

**vs.** Case No. 2021L004157

**THE HOME DEPOT, INC.,**
**Defendant.**

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, KEVIN LOCKETT, by and through his attorneys, LAW OFFICE OF DANIEL E. GOODMAN, LLC, who complain of the Defendant, THE HOME DEPOT, INC., as follows:

**COUNT I - NEGLIGENCE**

1. On or about March 25, 2021, and for some time prior thereto, the Defendant, THE HOME DEPOT, INC., was a corporation which owned, rented, maintained, possessed, managed, and/or controlled a business commonly known as The Home Depot Store No. 1986 (herein after as "The Home Depot") located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois.

2. At the time and place aforementioned, the Plaintiff, KEVIN LOCKETT, was an employee of Allied Universal Security, a security company retained by The Home Depot to provide loss prevention officers and other security measures to The Home Depot.

FILED DATE: 4/21/2021 2:49 PM 2021L004157

3. At the time and place aforesaid, the Plaintiff, KEVIN LOCKETT, was lawfully upon the aforementioned premises and acting in his capacity as a loss prevention officer/security guard.

4. At approximately 4:00 p.m. on or about March 25, 2021, an employee of The Home Depot witnessed an imminent shoplifting event and reported his observations to the Plaintiff, KEVIN LOCKET. Said employee also instructed the Plaintiff, KEVIN LOCKETT, to apprehend the individual suspected of shoplifting, even though said individual was outside of the store.

5. Acting on the instruction of The Home Depot employee, the Plaintiff, KEVIN LOCKETT, pursued the individual who was alleged to have committed the act of shoplifting outside of the store.

6. At the time and place aforesaid, the individual suspected of committing the act of shoplifting produced a firearm and shot the Plaintiff, KEVIN LOCKET, multiple times.

7. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, had a duty to exercise ordinary care in the ownership, maintenance, management, possession and/or control of its premises for the safety of persons lawfully thereon.

8. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, breached its aforementioned duty when the Defendant committed one or more of the following careless and negligent acts and/or omissions:

    i. Carelessly and negligently instructed the Plaintiff, KEVIN LOCKETT, to violate store policy by instructing him to pursue an individual suspected of shoplifting outside of the store;

    ii. Carelessly and negligently failed to contact law enforcement to respond to the alleged shoplifting;

FILED DATE: 4/21/2021 2:49 PM 2021L004157

iii. Carelessly and negligently failed to provide any assistance and/or backup to the Plaintiff, KEVIN LOCKETT, in his pursuit of the individual suspected of shoplifting;

iii. Was otherwise careless and negligent.

9. As a direct and proximate result of one or more of the following acts and/or omissions, the Plaintiff, KEVIN LOCKETT, was injured, both internally and externally, and he suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his body, and became and was sick and disabled, and suffered, and will in the future suffer, great pain, discomfort and physical impairment; all of which injuries are permanent; and he has lost and will in the future lose other great gains which he otherwise would have made and acquired; and he has been kept and will be kept from attending to his ordinary affairs and duties, and the Plaintiff has become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, KEVIN LOCKETT, prays for judgment against the Defendant, THE HOME DEPOT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

**COUNT II – WILFUL AND WANTON MISCONDUCT**

1. On or about March 25, 2021, and for some time prior thereto, the Defendant, THE HOME DEPOT, INC., was a corporation which owned, rented, maintained, possessed, managed, and/or controlled a business commonly known as The Home Depot Store No. 1986 (herein after as "The Home Depot") located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois.

FILED DATE: 4/21/2021 2:49 PM 2021L004157

2. At the time and place aforementioned, the Plaintiff, KEVIN LOCKETT, was an employee of Allied Universal Security, a security company retained by The Home Depot to provide loss prevention officers and other security measures to The Home Depot.

3. At the time and place aforesaid, the Plaintiff, KEVIN LOCKETT, was lawfully upon the aforementioned premises and acting in his capacity as a loss prevention officer/security guard.

4. At approximately 4:00 p.m. on or about March 25, 2021, an employee of The Home Depot witnessed an imminent shoplifting event and reported his observations to the Plaintiff, KEVIN LOCKET. Said employee also instructed the Plaintiff, KEVIN LOCKETT, to apprehend the individual suspected of shoplifting, even though said individual was outside of the store.

5. Acting on the instruction of The Home Depot employee, the Plaintiff, KEVIN LOCKETT, pursued the individual who was alleged to have committed the act of shoplifting outside of the store.

6. At the time and place aforesaid, the individual suspected of committing the act of shoplifting produced a firearm and shot the Plaintiff, KEVIN LOCKET, multiple times.

7. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, had a duty to refrain from acting with a conscious and/or reckless disregard for the safety of loss prevention officers/security guards working within its store, including but not limited to the Plaintiff, KEVIN LOCKETT.

8. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, breached its aforementioned duty when the Defendant committed one or more of the following acts and/or omissions:

i. Instructed the Plaintiff, KEVIN LOCKETT, to violate store policy by instructing him to pursue an individual suspected of shoplifting

FILED DATE: 4/21/2021 2:49 PM 2021L004157

outside of its store, when it knew or reasonably should have known such pursuit carried an inherent risk of a violent confrontation;

ii. Failed to contact law enforcement to respond to the alleged shoplifting when it knew or reasonably should have known of the potential for a violent confrontation;

iii. Failed to provide any assistance and/or backup to the Plaintiff, KEVIN LOCKETT, in his pursuit of the individual suspected of shoplifting when it knew or reasonably should have known his pursuit of the shoplifter carried an inherent risk of a violent confrontation;

iii. Conducted itself in a manner that was otherwise willful and wanton.

9. As a direct and proximate result of one or more of the following acts and/or omissions, the Plaintiff, KEVIN LOCKETT, was injured, both internally and externally, and he suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his body, and became and was sick and disabled, and suffered, and will in the future suffer, great pain, discomfort and physical impairment; all of which injuries are permanent; and he has lost and will in the future lose other great gains which he otherwise would have made and acquired; and he has been kept and will be kept from attending to his ordinary affairs and duties, and the Plaintiff has become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, KEVIN LOCKETT, prays for judgment against the Defendant, THE HOME DEPOT, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

Respectfully Submitted,

Daniel E. Goodman
One of Plaintiff's Attorneys

Atty. No. 46715

FILED DATE: 4/21/2021 2:49 PM 2021L004157

Daniel E. Goodman
LAW OFFICE OF DANIEL E. GOODMAN, LLC
10400 West Higgins Road, Suite 500
Rosemont, IL 60018
(847) 292 – 6000
dan@danielgoodmanlaw.com

FILED
5/18/2021 11:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004157
13366789

FILED DATE: 5/18/2021 11:53 AM 2021L004157

Sangamon County Sheriff's Office

"Keeping the Peace Since 1821"

Administration – (217) 753-6855
Civil Process/Records – (217) 753-6846

Jack Campbell
#1 Sheriff's Plaza
Springfield, IL 62701

Investigations – (217) 753-6
Corrections – (217) 753-6

**SG TRACKING #21-** 2508

I, Law 2641 certify that I served this summons as follows:

☐ **Personal service on an individual, by leaving a copy of the summons and complaint with t defendant personally**

☐ **Abode service on an individual, by leaving a copy of the summons and complaint with a memb of the household thirteen (13) years or older, informing said person of the contents thereof, a also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual list in the summons.**

☒ **Corporation service, by leaving a copy of the summons and complaint with an agent or officer the corporation listed in the summons.**

**Court Docket Number** 21L4157

**Name of defendant** The Home Depot USA Inc.

**Name of other person Summons left with** MATT Dickey

**Sex: ( M / F ) Race:** W **Approx. Age:** 30

**Date of Service** 5/4/21 **/2021 Time** 830

**Date of Mailing** ________

**Address at which paper was served:**

801 Adlai Stevenson Dr.
Springfield, IL 62703

**Jack Campbell, Sheriff of Sangamon County Sheriff's Office**

**By:** LAW, **Deputy #** 2641

Case: 1:21-cv-02956 Document #: 1-1 Filed: 06/02/21 Page 8 of 20 PageID #:12

FILED
5/18/2021 11:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004157
13366789

FILED DATE: 5/18/2021 11:53 AM 2021L004157

DEG/amv 05.18.21

**STATE OF ILLINOIS** )
) **SS**
**COUNTY OF COOK** )

**ATTORNEY NO. 46715**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| **KEVIN LOCKETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2021 L 004157** |
| | ) | |
| **THE HOME DEPOT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF FILING**

TO: **DEFENDANT'S INSURANCE**
Sedgwick Claims
Adjuster Vicki Hill
PO Box 14451
Lexington, KY 40512
Vicki.hill2@sedgwick.com
Claim No.: 20210415422

PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S PROOF OF SERVICE ON DEFENDANT THE HOME DEPOT, INC.** dated at 10400 West Higgins Road Suite 500 Rosemont, Illinois 60018 Rosemont, Illinois, this 18th day May, 2021.

LAW OFFICE OF DANIEL E GOODMAN, L.L.C.

DANIEL E GOODMAN

FILED DATE: 5/18/2021 11:53 AM 2021L004157

**CERTIFICATE OF SERVICE**

I, Amanda Vandeveer, a non-attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record ***via email*** and by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 10400 West Higgins Road, Rosemont, Illinois on this 18th day May, 2021.

Subscribed and Sworn to before me
this 18th day May, 2021.

NOTARY PUBLIC

OFFICIAL SEAL
ANYA S PISKA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/09/23

**Attorney No. 46715**
**LAW OFFICE OF DANIEL E GOODMAN, LLC**
**Attorney for Plaintiff**
**10400 W. Higgins Road, Suite 500**
**Rosemont, IL 60018**
**P: 847/292-6000**
**dan@danielgoodmanlaw.com**
**amanda@danielgoodmanlaw.com**

FILED
6/1/2021 1:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004157

13522585

FILED DATE: 6/1/2021 1:50 PM 2021L004157

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KEVIN LOCKETT, )
)
Plaintiff, )
)
v. ) No. 2021 L 004157
)
THE HOME DEPOT, INC., )
)
Defendant. )

---

**DEFENDANT, HOME DEPOT U.S.A., INC., INCORRECTLY NAMED HEREIN AS HOME DEPOT, INC., AND HOME DEPOT, INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

---

NOW COMES Defendant, HOME DEPOT U.S.A., INC., incorrectly named herein as HOME DEPOT, INC., and HOME DEPOT, INC., individually (hereinafter collectively identified to as "Home Depot"), by and through their attorneys, McVey & Parsky, LLC, and answer Plaintiff's Complaint as follows:

**COUNT I - NEGLIGENCE**

1. On or about March 25, 2021, and for some time prior thereto, the Defendant, THE HOME DEPOT, INC., was a corporation which owned, rented, maintained, possessed, managed, and/or controlled a business commonly known as The Home Depot Store No. 1986 (herein after as "The Home Depot") located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois.

**ANSWER: Home Depot U.S.A., Inc. admits only that it owned and operated a retail store located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois. The remaining allegations contained in paragraph 1 are denied.**

FILED DATE: 6/1/2021 1:50 PM 2021L004157

2. At the time and place aforementioned, the Plaintiff, KEVIN LOCKETT, was an employee of Allied Universal Security, a security company retained by The Home Depot to provide loss prevention officers and other security measures to The Home Depot.

**ANSWER: Home Depot admits that Plaintiff was an employee of Allied Universal Security, a company retained by Home Depot U.S.A., Inc. The remaining allegations contained in paragraph 2 are denied.**

3. At the time and place aforesaid, the Plaintiff, KEVIN LOCKETT, was lawfully upon the aforementioned premises and acting in his capacity as a loss prevention officer/security guard.

**ANSWER: Home Depot admits that on or about March 25, 2021, Plaintiff was employed by Allied Universal Security at said premises. The remaining allegations contained in paragraph 3 are denied.**

4. At approximately 4:00 p.m. on or about March 25, 2021, an employee of The Home Depot witnessed an imminent shoplifting event and reported his observations to the Plaintiff, KEVIN LOCKET. Said employee also instructed the Plaintiff, KEVIN LOCKETT, to apprehend the individual suspected of shoplifting, even though said individual was outside of the store.

**ANSWER: Home Depot admits that on or about March 25, 2021, Home Depot U.S.A., Inc.'s employees witnessed an imminent shoplifting event. The remaining allegations contained in paragraph 4 are denied.**

5. Acting on the instruction of The Home Depot employee, the Plaintiff, KEVIN LOCKETT, pursued the individual who was alleged to have committed the act of shoplifting outside of the store.

**ANSWER: Home Depot denies the allegation contained in paragraph 5.**

FILED DATE: 6/1/2021 1:50 PM 2021L004157

6. At the time and place aforesaid, the individual suspected of committing the act of shoplifting produced a firearm and shot the Plaintiff, KEVIN LOCKET, multiple times.

**ANSWER: Home Depot admits that on or about March 25, 2021, the individual who committed the act of shoplifting produced a firearm and shot the Plaintiff. The remaining allegations contained in paragraph 6 are denied.**

7. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, had a duty to exercise ordinary care in the ownership, maintenance, management, possession and/or control of its premises for the safety of persons lawfully thereon.

**ANSWER: Home Depot admits only to those duties imposed upon Home Depot under the law. To the extent that the allegations of paragraph 7 do not comport with the creation of a duty of care under the law, Home Depot denies same.**

8. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, breached its aforementioned duty when the Defendant committed one or more of the following careless and negligent acts and/or omissions:

i. Carelessly and negligently instructed the Plaintiff, KEVIN LOCKETT, to violate store policy by instructing him to pursue an individual suspected of shoplifting outside of the store;

ii. Carelessly and negligently failed to contact law enforcement to respond to the alleged shoplifting;

iii. Carelessly and negligently failed to provide any assistance and/or backup to the Plaintiff, KEVIN LOCKETT, in his pursuit of the individual suspected of shoplifting;

iv. Was otherwise careless and negligent.

FILED DATE: 6/1/2021 1:50 PM 2021L004157

**ANSWER: Home Depot denies the allegations contained in paragraph 8, including subparagraphs i. through iv. therein.**

9. As a direct and proximate result of one or more of the following acts and/or omissions, the Plaintiff, KEVIN LOCKETT, was injured, both internally and externally, and he suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his body, and became and was sick and disabled, and suffered, and will in the future suffer, great pain, discomfort and physical impairment; all of which injuries are permanent; and he has lost and will in the future lose other great gains which he otherwise would have made and acquired; and he has been kept and will be kept from attending to his ordinary affairs and duties, and the Plaintiff has become liable for large sums of money for medical and hospital care and attention.

**ANSWER: Home Depot denies the allegations contained in paragraph 9.**

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., incorrectly named herein as HOME DEPOT, INC. and HOME DEPOT, INC. individually, pray that this honorable Court will enter a judgment in their favor and against Plaintiff, KEVIN LOCKETT, dismissing the Complaint with prejudice.

**COUNT II – WILFUL AND WANTON MISCONDUCT**

1. On or about March 25, 2021, and for some time prior thereto, the Defendant, THE HOME DEPOT, INC., was a corporation which owned, rented, maintained, possessed, managed, and/or controlled a business commonly known as The Home Depot Store No. 1986 (herein after as "The Home Depot") located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois.

FILED DATE: 6/1/2021 1:50 PM 2021L004157

**ANSWER: Home Depot U.S.A., Inc. admits only that it owned and operated a retail store located at 4555 S. Western Boulevard in the City of Chicago, County of Cook and State of Illinois. The remaining allegations contained in paragraph 1 are denied.**

2. At the time and place aforementioned, the Plaintiff, KEVIN LOCKETT, was an employee of Allied Universal Security, a security company retained by The Home Depot to provide loss prevention officers and other security measures to The Home Depot.

**ANSWER: Home Depot admits that Plaintiff was an employee of Allied Universal Security, a company retained by Home Depot U.S.A., Inc. The remaining allegations contained in paragraph 2 are denied.**

3. At the time and place aforesaid, the Plaintiff, KEVIN LOCKETT, was lawfully upon the aforementioned premises and acting in his capacity as a loss prevention officer/security guard.

**ANSWER: Home Depot admits that on or about March 25, 2021, Plaintiff was employed by Allied Universal Security at said premises. The remaining allegations contained in paragraph 3 are denied.**

4. At approximately 4:00 p.m. on or about March 25, 2021, an employee of The Home Depot witnessed an imminent shoplifting event and reported his observations to the Plaintiff, KEVIN LOCKET. Said employee also instructed the Plaintiff, KEVIN LOCKETT, to apprehend the individual suspected of shoplifting, even though said individual was outside of the store.

**ANSWER: Home Depot admits that on or about March 25, 2021, Home Depot U.S.A., Inc.'s employees witnessed an imminent shoplifting event. The remaining allegations contained in paragraph 4 are denied.**

FILED DATE: 6/1/2021 1:50 PM 2021L004157

5. Acting on the instruction of The Home Depot employee, the Plaintiff, KEVIN LOCKETT, pursued the individual who was alleged to have committed the act of shoplifting outside of the store.

**ANSWER: Home Depot denies the allegations contained in paragraph 5.**

6. At the time and place aforesaid, the individual suspected of committing the act of shoplifting produced a firearm and shot the Plaintiff, KEVIN LOCKET, multiple times.

**ANSWER: Home Depot admits that on or about March 25, 2021, the individual who committed the act of shoplifting produced a firearm and shot the Plaintiff. The remaining allegations contained in paragraph 6 are denied.**

7. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, had a duty to refrain from acting with a conscious and/or reckless disregard for the safety of loss prevention officers/security guards working within its store, including but not limited to the Plaintiff, KEVIN LOCKETT.

**ANSWER: Home Depot admits only to those duties imposed upon Home Depot under the law. To the extent that the allegations of paragraph 7 do not comport with the creation of a duty of care under the law, Home Depot denies same.**

8. At the time and place aforesaid, the Defendant, THE HOME DEPOT, INC., by and through its agents and employees, breached its aforementioned duty when the Defendant committed one or more of the following acts and/or omissions:

i. Instructed the Plaintiff, KEVIN LOCKETT, to violate store policy by instructing him to pursue an individual suspected of shoplifting outside of its store, when it knew or reasonably should have known such pursuit carried an inherent risk of a violent confrontation;

ii. Failed to contact law enforcement to respond to the alleged shoplifting when it knew or reasonably should have known of the potential for a violent confrontation;

FILED DATE: 6/1/2021 1:50 PM 2021L004157

iii. Failed to provide any assistance and/or backup to the Plaintiff, KEVIN LOCKETT, in his pursuit of the individual suspected of shoplifting when it knew or reasonably should have known his pursuit of the shoplifter carried an inherent risk of a violent confrontation;

iv. Conducted itself in a manner that was otherwise willful and wanton.

**ANSWER: Home Depot denies the allegations contained in paragraph 8, including subparagraphs i. through iv. therein.**

9. As a direct and proximate result of one or more of the following acts and/or omissions, the Plaintiff, KEVIN LOCKETT, was injured, both internally and externally, and he suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his body, and became and was sick and disabled, and suffered, and will in the future suffer, great pain, discomfort and physical impairment; all of which injuries are permanent; and he has lost and will in the future lose other great gains which he otherwise would have made and acquired; and he has been kept and will be kept from attending to his ordinary affairs and duties, and the Plaintiff has become liable for large sums of money for medical and hospital care and attention.

**ANSWER: Home Depot denies the allegations contained in paragraph 9.**

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., incorrectly named herein as HOME DEPOT, INC. and HOME DEPOT, INC. individually, pray that this honorable Court will enter a judgment in their favor and against Plaintiff, KEVIN LOCKETT, dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, HOME DEPOT U.S.A., INC., incorrectly named herein as HOME DEPOT, INC., and HOME DEPOT, INC., individually (hereinafter collectively identified to as "Home Depot" and "Defendant") by and through their attorneys, McVEY & PARSKY, LLC,

FILED DATE: 6/1/2021 1:50 PM 2021L004157

and plead the following Affirmative Defenses in the alternative and without prejudice to the denials and other statements made in these pleadings.

1. At all times relevant as alleged in the Plaintiff's Complaint, the Plaintiff, KEVIN LOCKETT, owed a duty to himself to exercise ordinary care to avoid injury to himself.

2. The Plaintiff, KEVIN LOCKETT, failed to exercise ordinary care by inserting himself into the occurrence alleged in the Complaint in contravention of his work assignment and directives.

3. The injuries alleged in the Plaintiff's Complaint are a direct and proximate result of the aforesaid careless and negligent acts by the Plaintiff, KEVIN LOCKETT.

4. Any amount of judgment for damages entered against this Defendant in favor of the Plaintiff, KEVIN LOCKETT, shall be reduced by the percentage to which the Plaintiff's own negligence or fault contributed to such damages. If the Plaintiff's own negligence or fault contributing to said damages is determined to be in excess of 50%, then judgment is prayed for in favor of this Defendant and against the Plaintiff.

5. The Plaintiff, KEVIN LOCKETT, assumed the risk of his own conduct.

6. Any injuries or damages alleged by the Plaintiff, KEVIN LOCKETT, were caused by the intervening and superseding acts of third parties not under the control of Home Depot.

7. Any injuries or damages alleged by the Plaintiff, KEVIN LOCKETT, were caused by the negligence and/or culpable conduct of a third party not under the control of Home Depot.

8. Any damages claimed by the Plaintiff, KEVIN LOCKETT, were not proximately caused by Home Depot U.S.A., Inc.

9. The Plaintiff, KEVIN LOCKETT, acted outside the scope of his authority as an employee of Allied Universal Security, and as retained by Home Depot U.S.A., Inc.

FILED DATE: 6/1/2021 1:50 PM 2021L004157

10. The Defendant hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its answer to assert any other defenses as become known or available.

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., incorrectly named herein as HOME DEPOT, INC. and HOME DEPOT, INC. individually, pray that this honorable Court will enter a judgment in their favor and against Plaintiff, KEVIN LOCKETT, dismissing the Complaint with prejudice.

Respectfully submitted,

/s/ *Mark Parsky*
One of the Attorneys for Defendant,
Home Depot U.S.A., Inc.

Mark E. Parsky
Benjamin J. Galloway
McVey & Parsky LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax: (312) 551-2131
Email: mep@mcveyparsky-law.com
bjg@mcveyparsky-law.com

12-Person Jury

FILED
6/1/2021 1:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004157

13522585

1725 MEP/ADT

FILED DATE: 6/1/2021 1:50 PM 2021L004157

Firm No. 39907

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KEVIN LOCKETT, )
)
Plaintiff, )
)
v. ) No. 2021 L 004157
)
THE HOME DEPOT, INC., )
)
Defendant. )

---

**APPEARANCE AND JURY DEMAND***

---

The undersigned, as attorney, enters the appearance of Defendant:

**HOME DEPOT U.S.A., INC. incorrectly named herein as HOME DEPOT, INC., and HOME DEPOT, INC.**

* **This defendant demands trial by jury.**

/s/ Mark Parsky

Mark Parsky
McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Phone: 312-551-2130
Fax: 312-551-2131
Firm No.: 39907
Email: mep@mcveyparsky-law.com

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/Mark Parsky

12-Person Jury

FILED
6/1/2021 1:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004157

13522623

FILED DATE: 6/1/2021 1:51 PM 2021L004157

Firm No. 39907

1725 MEM/BJG

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KEVIN LOCKETT,

Plaintiff,

v.

THE HOME DEPOT, INC.,

Defendant.

No. 2021 L 004157

**APPEARANCE AND JURY DEMAND***

The undersigned, as attorney, enters the appearance of Defendant:

**HOME DEPOT U.S.A., INC. incorrectly named herein as HOME DEPOT, INC., and HOME DEPOT, INC.**

* **This defendant demands trial by jury.**

/s/Benjamin J. Galloway

Benjamin J. Galloway
McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Phone: 312-551-2130
Fax: 312-551-2131
Firm No.: 39907
Email: bjg@mcveyparsky-law.com

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/Benjamin J. Galloway